# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~

**Abdul K. Hassan, Esq.**                                                   Tel: 718-740-1000
Email: abdul@abdulhassan.com                                   Fax: 718-740-2000
*Employment and Labor Lawyer*                               Web: www.abdulhassan.com

**October 24, 2019**

**Via ECF**

Hon. Paul E. Davison, USMJ
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

<u>Re: Carrion v. 381 North Ave. Auto Care Inc. et al</u>
Case No: 19-CV-05901 (CS)
**Motion for Settlement Approval**

Dear Magistrate-Judge Davison:

  My firm represents plaintiff Jose Carrion ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action. Defendants 381 North Ave. Auto Care Inc. and Hameed UL Haq. (collectively "Defendants"), and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion.

  1. **Plaintiff's Recovery**

  Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL. Plaintiff was employed by Defendants from February 2, 2019 to on or about June 8, 2019 and the complaint was filed on June 24, 2019.

  In general, allegations are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. The parties exchanged documents and information in preparation for mediation.

Based on the allegations in the complaint and the information available at this time, plaintiff is owed minimum wages of approximately $3.52/hr. x 58hrs/wk x 16wks = $3,266.56. Plaintiff is also owed overtime wages of approximately $10.02/hr. x 18hrs/wk x 16wks = $2,885.76.

Significantly, Defendants strongly deny that they owe Plaintiff any wages. First, Defendants argue that Plaintiff was paid for all hours worked. Second, Defendants claim that Plaintiff worked significantly fewer hours than he claims, Plaintiff's overtime wages could be less than half of what he claims. It would be up to a jury to decide these issues and award damages, if any.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.  Once again, Defendants deny any liability under these claims.

The total settlement amount is $25,000. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff will be receiving $16,273 after costs and a 1/3 contingency fee in two monthly installments. (See Ex. 1 ¶ 2(a-b)).

2. **Avoidance of Burdens and Expenses**

A very significant factor in the settlement outcome was the avoidance of litigation burdens and expenses. Continued litigation of the case will consume additional significant time and money on both sides. There is also an absence of contemporaneous time records which would likely increase the burdens of litigation and the need for additional discovery.

3. **Seriousness of Litigation Risks**

In terms of litigation risks, the material facts are disputed, and one can never predict with great accuracy how a jury will rule. Moreover, because the settlement amount to Plaintiff is not insignificant in relation to the wages owed, Plaintiff would face considerable downside risk from continued litigation. Also, the installment payment plan indicates, Defendants may not be able to afford a judgment larger than the settlement amounts.

4. **Arms' Length Dealings**

Both sides were represented by experienced counsel who asserted a variety of arguments on behalf of their respective clients. After several rounds of settlement discussion, the parties were eventually able to reach a settlement with the assistance of an experienced SDNY mediator. The amount of the settlement which can reasonably be viewed as covering all of Plaintiff's FLSA wages, is further evidence of the arms' length negotiations and the absence of any collusion in the circumstances.

### 5. Attorney's Fees

Under the settlement agreement, Plaintiff's counsel is receiving reimbursement of Five Hundred and Fifty-Five Dollars ($591) in filing ($400) and service costs ($191), plus a 1/3 contingency fee of Eight Thousand, One Hundred and Thirty-Six Dollars ($8,136) (Ex. 1 ¶ 2(c))[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and if a jury believes Defendants, Plaintiff will receive nothing. Second, there is an absence of complete and accurate contemporaneous time and wage records. Third, the settlement amount is not trivial, especially in light of the legal and factual issues. Fourth, it appears that Defendants cannot afford to pay a higher settlement amount as the installment nature of the settlement indicate. Fifth, there appears to be a strong desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation. Sixth, the settlement was the product of arms' length negation through the Court's mediation program.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan

By: Abdul K. Hassan, Esq.

**cc:     Defense Counsel via ECF**